IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEKTRON, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-CV-413-TCK-PJC |
| ) | |
| **GE LIGHTING, INC.; iLIGHT** ) | |
| **TECHNOLOGIES, INC.; THE SLOAN** ) | |
| **COMPANY, INC. D/B/A SLOANLED, INC.;** ) | |
| **AND PHILIPS SOLID-STATE LIGHTING** ) | |
| **SOLUTIONS, INC.** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court is GE Lighting, Inc.'s ("GE") Motion to Dismiss for Misjoinder (Doc. 40).[1]

**I.    Factual Background**

Plaintiff Lektron, Inc. ("Lektron") has brought suit against Defendants, alleging patent infringement for violation of United States Patent No. 6,361,186 ("the '186 patent"). The '186 patent was issued by the United States Patent and Trademark Office on March 26, 2002 and is entitled "Simulated Neon Light Using LED's." Lektron sells a product under the trademark "LEON" pursuant to this patent. Lektron's Complaint describes its LEON product as a "replacement product" for neon lighting that consumes less electricity, is more durable, and avoids "other disadvantages of conventional neon lights." (Compl. ¶ 11.)

Lektron's Complaint identifies the following products sold by Defendants that it contends infringe upon the '186 patent: (1) GE's Tetra BT border lighting product; (2) GE's Tetra Contour product; (3) Defendant iLight Technologies, Inc.'s ("iLight") Plexineon White and Plexineon Color

---

[1] Defendant Sloan Company, Inc. d/b/a SloanLED, Inc. ("Sloan") submitted a response in support of GE's motion, incorporating the arguments presented by GE. (*See* Doc. 61.)

lighting products; (4) Sloan's Color LINE product; and (5) Defendant Philips Solid-State Lighting Solutions, Inc.'s ("Philips") eW Accent Powercore and iColor Accent MX Powercore lighting products. Lektron alleges that it "sells its LEON product in competition with the Defendants' sale of infringing products," and that the allegedly infringing products have "caused Lektron to lose sales, and have eroded the price that Lektron can charge for its patented LEON products." (Compl. ¶ 26.)

## II.     Motion to Dismiss

GE filed a motion to dismiss Lektron's claim due to misjoinder, pursuant to Federal Rules of Civil Procedure 20(a) and 21 ("Rule 20(a)" and "Rule 21," respectively). Rule 20(a) provides:

> (a) Persons Who May Join or Be Joined. . . .
> (2)    Defendants. Persons . . . may be joined in one action as defendants if:
>    (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>    (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B). If a plaintiff is misjoined under Rule 20(a), this is not grounds for dismissing the entire case. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Instead, Rule 21 provides that a court "may at any time, on just terms, add or drop a party" or "may also sever any claim against a party." *Id.* The decision whether to sever is within the discretion of the district court. *Echols v. OMNI Med. Group, Inc.*, 751 F. Supp. 2d 1214, 1215 (N.D. Okla. 2010).

GE does not dispute that Lektron's infringement claims present common questions of law or fact, such that Rule 20(a)(2)(B) is satisfied. Rather, GE argues that Lektron has not asserted "any right to relief . . . jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Specifically, GE contends that Lektron "is attempting to sue, in one common action, unrelated and competing defendants for their own independent acts of infringement." (GE's Mot. to Dismiss 2.) GE therefore moves for severance and/or dismissal of Lektron's Complaint (either in its entirety or against all but the first-named Defendant, which is GE), with leave for Lektron to bring individual actions against the dismissed Defendants.

The Court finds GE's position well-founded, as there are no allegations in Lektron's Complaint that Defendants were involved in any transaction, occurrence, or series of transactions or occurrences with each other. Lektron does not allege or suggest that the four Defendants have engaged in related activities or acted in concert to allegedly infringe Lektron's patent. The Complaint instead reflects that Defendants are separate companies that independently design, develop, manufacture, and sell various allegedly infringing products, and that the only connection between Defendants is the alleged infringement of the '186 patent. Based on these allegations, the Court finds that Lektron has failed to satisfy Rule 20(a)'s requirement of a common transaction. *See e.g.*, *Body Sci. LLC v. Boston Scientific Corp.*, --- F. Supp. 2d ----, 2012 WL 718495, at *2 (N.D. Ill. March 6, 2012) (noting that the "prevailing view . . . is that a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent") (citing *Rudd v. Lux Prods. Corp. Emerson Climate Tech. Braeburn Sys., LLC,* No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) (collecting cases); *Pinpoint, Inc. v. Groupon, Inc.*, No. 11–5597, 2011 WL 6097738, at *1 (N.D. Ill. Dec. 5, 2011) ("We concur with our colleagues in this district, who have consistently held that the first element of Rule 20's joinder test is not met where, as here, plaintiff merely accused unrelated

3

defendants of independently infringing the same patent."); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Az. 2009) ("allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)"); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 622 (N.D. Ill. 1998) (Where two defendants are alleged to infringe the same patents "that does not mean the claims against the two companies arise from a common transaction or occurrence"); *New Jersey Mach. Inc. v. Alford Indus. Inc.*, No. 89–1879, 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) ("[I]nfringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder"); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.")); *Brandywine Commc'n Tech., LLC*, No. 6:11-cv-1512-Orl-36DAB, 2012 WL 527180, at *1 (M.D. Fla. Feb. 27, 2012) ("The fact that the same Patent is at issue, with respect to each Defendant, is insufficient on its own to meet the same transaction or occurrence requirement of Rule 20.").

In objecting to GE's motion, Plaintiff cites cases finding joinder of unrelated defendants proper in patent infringement cases. (*See* Pl.'s Resp. to GE's Mot. to Dismiss 3-4 (citing *Alford Safety Servs., Inc. v. Hot-Hed, Inc.*, No. 10-1319, 2010 WL 3418233 (E.D. La. Aug. 24, 2010); *Mannatech, Inc. v. Country Life, LLC,* No. 3:10-CV-533-O, 2010 WL 2944574 (N.D. Tex. 2010);

4

*MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (N.D. Tex. 2004)). These cases, however, are in the minority, *see Body Science LLC*, 2012 WL 718495, at *4 (noting same), and the Court is more persuaded by the reasoning of the courts adopting the majority position, as cited above. Further, although enacted after this case was filed, the Leahy-Smith America Invents Act ("America Invents Act") supports the Court's holding.[2] Specifically, the America Invents Act contains a provision stating that "accused infringers may not be joined in one action as defendants . . . or have their actions consolidated for trial, based solely on the allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b); *see Body Science LLC*, 2012 WL 718495, at *4 (citing America Invents Act in support of finding defendants improperly joined, even though complaint was filed before effective date of statute); *Brandywine, LLC*, 2012 WL 527180, at *1 (same); *Pinpoint Inc.*, 2011 WL 6097738, at *1 n.1 (same).

Because Lektron does not assert a right to relief against Defendants that arises out of the same transaction or occurrence, the Court finds that the Defendants have been misjoined. Lektron is therefore ordered to dismiss Defendants iLight, Sloan, and Philips without prejudice and proceed in this action only against GE. Plaintiff is directed to file new complaints against Defendants iLight, Sloan, and Philips[3] within seven (7) days of the date of this Order. Defendants iLight, Sloan, and Philips shall file their Answers and Counterclaims in their respective cases, and Lektron shall file

---

[2] The America Invents Act became effective on September 16, 2011, and does not apply to civil actions commenced prior to that date.

[3] Philips has indicated that it is in the process of finalizing a settlement agreement with Lektron and that it will file a notice of settlement once the agreement is signed. (*See* Docs. 87, 101.) However, as of the date of this Order, Philips has not filed a notice of settlement. This action therefore remains pending as to Philips, and insofar as Lektron intends to pursue an infringement claim against Philips, it is directed to file a new complaint against Philips in accordance with this Order.

its Answers to those Counterclaims in the respective cases. Once filed, the Clerk of Court is directed to assign these new actions to the undersigned and United States Magistrate Judge Frank H. McCarthy. The Clerk of Court is also directed to waive the filing fee for these new cases. Finally, all four cases will be consolidated for purposes of claim construction, and the current schedule, including the April 10, 2011 claim construction hearing, and briefing deadlines shall apply to all four cases. *See Tierravision, Inc. v. Research in Motion Ltd.*, No. 11cv0639 DMS (BGS), 2011 WL 4862961, at *1 (S.D. Cal. Sept. 16, 2011) (granting defendants' motion to sever, and in so doing, ordering that (1) plaintiff file new complaints against all defendants except for first-named defendant, (2) the clerk of court assign all new cases to undersigned, (3) filing fees be waived for the new complaints, and (4) cases be consolidated for claim construction only).

## III.   Conclusion

For the reasons outlined herein, GE's Motion to Dismiss for Misjoinder (Doc. 40) is GRANTED.

**SO ORDERED THIS 30th day of March, 2012.**

*/s/ Terence C. Kern*

**TERENCE C. KERN**
**United States District Judge**